**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Julia Iglesias,<br><br>        Plaintiff,<br><br>v.<br><br>Cavalry SPV I, LLC and Gurstel Chargo P.A.<br><br>        Defendants. | COURT FILE NO.:<br><br>**Complaint**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Julia Iglesias, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Cavalry SPV I, LLC ("Cavalry") and Gurstel Chargo P.A. ("GC"), (collectively, "Defendants"), with regard to attempts by Defendants to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendants took place in Minnesota.

6. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

7. Through this complaint, Plaintiff does not allege that any state court judgment was entered against Plaintiff in error, and Plaintiff does not seek to reverse or modify any judgment of any state court.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k).

9. This action arises out of Defendants' violations of the FDCPA.

10. Plaintiff resides in Hennepin County, as defined by 28 U.S.C. § 1391c(1), the judicial district in which this lawsuit is brought.

11. At the time of the substantial part of the events or omissions giving rise to the claim occurred, specifically some time before April 22, 2015, Plaintiff was physically located in the City of Plymouth, County of Hennepin, State of Minnesota.

12. Because a substantial part of the events or omissions giving rise to the claim occurred in Hennepin County, venue is proper pursuant to 28 U.S.C. § 1391b(2).

13. At all times relevant, Defendants conducted business within the State of Minnesota.

## PARTIES

14. Plaintiff is a natural person who resides in the City of Plymouth, County of Hennepin, State of Minnesota.
15. Cavalry is located in the City of Wilmington, County of New Castle, State of Delaware.
16. GC is located in the City of Golden Valley, County of Hennepin, State of Minnesota.
17. Plaintiff is allegedly obligated to pay a debt arising out of a credit card used to purchase goods for personal use, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).
18. Cavalry is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).
19. GC is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a "debt collector" as that phrase is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

20. Sometime before April 30, 2015, Plaintiff is alleged to have incurred certain financial obligations with HSBC Bank Nevada, N.A.

21. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).
22. Sometime thereafter, but before April 30, 2015, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. This alleged debt was not actually owed by Plaintiff.
23. Subsequently, but before April 30, 2015, the alleged debt was assigned, placed or otherwise transferred to Cavalry for collection.
24. On or about April 30, 2015, GC, a law firm, filed a frivolous law suit in Hennepin County Conciliation Court.
25. Subsequently, Plaintiff received a Statement of Claim and Summons and a Notice of Hearing.
26. The packet including a Statement of Claim and Summons and the Notice of Hearing was the first communication Plaintiff received from Defendants, and was an "initial communication" consistent with 15 U.S.C. § 1692g(a).
27. Defendants failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendants would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendants in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendants would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendants and that Defendants would provide Plaintiff with the name and address of the original creditor. This omission by Defendants violated 15 U.S.C. § 1692g.

28. Because GC is a law firm, Cavalry is vicariously liable for the actions of its attorneys, GC.

29. Subsequently, because Plaintiff had been sued in this manner, Plaintiff was required to hire an attorney to defend her.

30. By hiring this attorney, and by defending herself in this frivolous litigation, Plaintiff was damaged for attorneys' fees and costs as well as other out of pocket expenses.

31. Subsequently, on or about June 3, 2015, a hearing took place in Conciliation Court for the State of Minnesota, County of Hennepin.

32. During this hearing, it became clear that Defendants had no basis whatsoever for their lawsuit.

33. During the hearing, it became clear that the Defendants had no standing to bring their lawsuit

34. During the hearing, it became clear that the lawsuit filed by Defendants was filed outside of any potential or plausible statute of limitations.

35. During the hearing, it became clear that Defendants had made false, deceptive, and misleading communications in the state complaint filed with the court by representing that the lawsuit was filed within any potential or plausible statute of limitations.

36. Through this conduct, Defendants used false representations or deceptive means to take action that cannot legally be taken and/or collect or attempt to collect a debt or to obtain information concerning a consumer.  Consequently, Defendants violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10).

37. During the hearing, it became clear that Defendants had no basis for its representations in its state complaint that the money demanded in said complaint was, in fact, owed.

38. Through this conduct, Defendants was collecting an amount (including any interest, fee, charge, or expense incidental to the principal obligation) when such amount was not expressly authorized by the agreement creating the debt or permitted by law. Consequently, Defendants violated 15 U.S.C. § 1692f(1).

39. On completion of the hearing, the Conciliation Court Referee ruled in favor of Plaintiff.

40. Defendants' representations in their state complaint that the lawsuit had been filed within the statute of limitations was a false, deceptive, and misleading means in connection with the collection of this alleged debt.

41. Defendants, by filing or proceeding with collection lawsuits on time barred debts and/or failing to provide Plaintiff with the opportunity to dispute the debt after the initial communication, have violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f(1), and 1692g.

## CAUSES OF ACTION
## COUNT I: FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
## 15 U.S.C. §§ 1692 ET SEQ.

42. Plaintiff repeat, re-alleges, and incorporates by reference, all other paragraphs.

43. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

44. As a result of each and every violation of the FDCPA, Plaintiff are entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and,

reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

## JURY DEMAND

45. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff are entitled to, and demand, a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray that judgment be entered against Defendants, and Plaintiff be awarded damages from Defendants, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);

**HYDE & SWIGART**

Date: June 22, 2015

By: /s/ Anthony P. Chester
Anthony P. Chester
Attorney Number: 0396929
Robert L. Hyde
Attorney Number: 035109X
**HYDE & SWIGART**
120 South 6th Street, Suite 2050
Minneapolis, MN 55402
Telephone:  (952) 225-5333
Facsimile:  (800) 635-6425
Email: tony@westcoastlitigation.com

Attorneys for Julia Iglesias